IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE: )
 )
STACEY ALLEN BAUCOM, ) Case No. 05-60654
 )
 Debtor. )

ORDER DENYING DEBTOR'S MOTION TO REOPEN CASE
AND TO COMPEL TURNOVER OF FEDERAL TAX REFUND

Debtor Stacey Allen Baucom filed a Motion to Reopen his Case and to Compel Turnover of a Federal Tax Refund.  For the reasons that follow, the Motion is DENIED.

Debtor filed a voluntary Chapter 7 bankruptcy Petition on March 22, 2005.  The Debtor listed in his bankruptcy schedules a general unsecured debt owed to the Rural Housing Department (the "RHD"), which is an agency of the federal government, in the amount of $17,013.  This obligation resulted from a deficiency balance from the foreclosure of the Debtor's home on which the RHD held a mortgage.

The Debtor's Amended Schedule B lists an income tax refund for 2004 in the amount of $3,292, and he claims exemptions in $1,900 of that amount on his Amended Schedule C. The Debtor received his discharge on June 30, 2005, and the case was closed July 12, 2005.

On September 26, 2005, the Debtor filed this Motion seeking to reopen his case for to obtain an order compelling the RHD to turn over the Debtor's 2004 income tax refund in the amount of $3,292, which the RHD retained or intercepted as an offset against the foreclosure deficiency obligation. The Debtor also asserts that the RHD's setoff constituted a willful violation of automatic stay.

Although the United States did not file a response to the Motion, Assistant United

States Attorney Earl W. Brown III, appeared at the hearing on the Motion and has entered an appearance on its behalf. The United States asserts that the setoff is proper under § 553 of the Bankruptcy Code because both the Debtor's obligation to the RHD and the Debtor's entitlement to the income tax refund arose in 2004, which was prepetition. The Debtor does not dispute that the obligations arose prepetition, but asserts the setoff is improper because the obligations are not mutual in that they involve different governmental agencies.

Section 553 provides, in relevant part:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.[1]

"The Bankruptcy Code does not create a right to setoff; it merely preserves the right already given in a nonbankruptcy context. If a party is generally entitled to setoff in the nonbankruptcy context, it is entitled to one under the Bankruptcy Code."[2] In order to be entitled to setoff, however, the obligations must be mutual: "[t]he right to setoff . . . allows entities that owe each other money to apply their mutual debts against each other."[3]

The issue raised here is whether the foreclosure deficiency debt the Debtor owes to the RHD, and the income tax refund debt the Internal Revenue Service owes to the Debtor,

---

[1] 11 U.S.C. § 553(a).

[2] *In re Hal, Inc.*, 122 F.3d 851, 852 (9th Cir. 1997).

[3] *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995).

are mutual debts, in view of the fact that the RHD and the IRS are different agencies of the federal government.

Although the Eighth Circuit has not addressed this issue, the Seventh, Ninth, and Tenth Circuits have all answered this question in the affirmative: each of those courts has held that, for purposes of setoff under § 553, all agencies of the United States, except those acting in some distinctive private capacity (which is not relevant here), are a single governmental unit.[4] In essence, these courts found that because inter-agency setoffs can be made outside of the bankruptcy context, they can also be done in a bankruptcy case because the Bankruptcy Code does not limit the federal government's rights to setoff. Hence, the RHD can set off against a debtor's right to an income tax refund in bankruptcy.

Although the Debtor did not raise the issue in this Motion, I note that the Debtor claimed a $1,900 exemption in the 2004 income tax refund. Some courts have held that the government's right to setoff under § 553 must yield to a debtor's right to exempt and protect assets under § 522.[5] Section 522(c) provides that property exempted under this section is not liable during or after the case for any prepetition debt, with certain enumerated exceptions.

---

[4] *United States v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir. 1998) (permitting the Small Business Administration to set off a debt owed by the debtors against a debt owed by the U.S. Navy to the debtors); *In re Hal, Inc.*, 122 F.3d at 853 (permitting setoff of a debt owed by the debtors to several different federal government agencies against the debtors' rights to IRS excise tax refunds); *In re Turner*, 84 F.3d 1294, 1296, 1298 (10th Cir. 1996) (permitting setoff of a debt owed by the debtors to the SBA against the debtors' right to payments owed to them by the Agricultural Stabilization and Conservation Service).

[5] *See Alexander v. Commission, Internal Rev. Serv. (In re Alexander)*, 225 B.R. 145, 148 (Bankr. W.D. Ky. 1998) (listing cases and siding with the majority position); *but see In re Bourne*, 262 B.R. 745, 752-54 (Bankr. E.D. Tenn. 2001) (listing cases on both sides of the issue).

Most of those courts reaching the conclusion that the right to offset must yield to a debtor's exemptions have done so because the right to offset does not fall within any of the exceptions to § 522(c) and, therefore, they have concluded that there is a conflict between § 522(c) and § 553.[6] Thus, "the majority of courts which have attempted to reconcile this conflict have found that § 522(c) trumps § 553 such that an offset may not be exercised in exempt property."[7]

However, the recent trend in the cases is to reject the majority position. As explained by the bankruptcy court in *In re Bourne*:

> Section 542(b)'s offset exception to the requirement that a debt owed to the estate must be paid to the trustee is consistent with the offset preservation provision of § 553. Furthermore, notwithstanding their apparent conflict, both of these provisions can be reconciled with § 522(c)'s exemption protection language. Once a right of offset preserved by § 553 has been established in a debt owed to the estate, a debtor may claim an exemption only in the balance of the debt turned over to the estate after the offset has been exercised. Thereafter, the exempted property is protected from all other prepetition debts pursuant to § 522(c).[8]

In essence, the debtor only has a right to the refund after the government has credited the

---

[6] *See In re Bourne*, 262 B.R. 745, 752 (Bankr. E.D. Tenn. 2001).

[7] *Id*. (citations omitted).

[8] 262 B.R. at 756 ; *see also In re Shortt*, 277 B.R. 683, 692 (Bankr. N.D. Tex. 2002) (holding that, because the amount of the debtors' obligation to the government exceeded the amount of their income tax refund, the refund did not become property of the estate and could not be exempted); *In re Pigott*, 330 B.R. 797 (Bankr. S.D. Ala. 2005) (holding that a taxpayer only has a refund right after the IRS has credited the refund to other underpaid taxes; therefore, the refund was not part of the bankruptcy estate).

refund to other underpaid taxes.[9]  The part of the refund subject to offset, therefore, never became property of the estate.[10]

I agree.  The RHD is permitted to offset the Debtor's obligation for the foreclosure deficiency against the Debtor's 2004 income tax refund, notwithstanding that the Debtor claimed an exemption in it.

Finally, the Debtor asserts the setoff violated the automatic stay.  Although the RHD was entitled to a setoff against the Debtor's income tax refund, doing so without first obtaining relief from the automatic stay violated the stay, if the setoff occurred postpetition.  As mentioned above, the Debtor filed his bankruptcy petition on March 22, 2005, and according to the Debtor's Motion, the letter from the RHD advising the Debtor of the setoff was dated April 22, 2005, which was after the bankruptcy petition was filed.  However, the letter was not offered into evidence, nor was it clear from the statements at hearing as to whether the actual offset occurred after March 22, 2005.  Nevertheless, even assuming a violation of the stay occurred, the Debtor did not present evidence of any damages resulting from the setoff if it did occur postpetition.  Furthermore, had the RHD filed a motion for relief from stay prior to making the offset, I would most likely have granted it in view of the fact that the government is entitled to such setoffs, and the refund does not become property of the estate, as discussed above, and so no damages could have resulted from the setoff.  In

---

[9] *In re Pigott*, 330 B.R. at 801-02.

[10] *Id*.

fact, retroactive relief from the stay might be appropriate in such instances.[11]  Accordingly, although the RHD may have violated the stay if it set off the Debtor's income tax refund without first seeking relief in this Court, I find that no damages would be warranted, or were proven, for such violation here.

ACCORDINGLY, the Debtor's Motion to Reopen this Case and to Compel Turnover of the 2004 federal income tax refund is DENIED.  All other requests for relief are DENIED.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: March 15, 2006

---

[11] *In re Smith*, 245 B.R. 622, 624 (Bankr. W.D. Mo. 2000).  Although not applicable in this case, I note that, under the amendments to the Bankruptcy Code under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 199 Stat. 23 § 418 (Apr. 20, 2005), applicable to cases filed on or after October 17, 2005, the setoff of most tax refunds is specifically excepted from the automatic stay.  11 U.S.C. § 362(b)(26).